**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | | |
|---|---|---|
| ZACHARIAH ROBERTSON, Individually and on behalf of all others similarly situated, | § § § | Docket No. ___________ |
| *Plaintiff*, | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| AVERY TECHNICAL RESOURCES, INC., | § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| *Defendant*. | § § | |

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

## I. SUMMARY

1. Avery Technical Resources, Inc., pays its hourly employees a daily per diem in addition to an hourly rate of pay. The per diem represents compensation that is primarily for the benefit and convenience of Avery hourly employees. As a result, the Fair Labor Standards Act ("FLSA") requires that this type of compensation be included in the calculation of the regular rate of pay for overtime purposes. Because the per diem was not used in calculating the regular rate of pay, Avery hourly employees were not properly compensated at the FLSA overtime rate of one-and-one-half times their regular rate of pay for all hours worked in excess of forty hours in a single week. This collective action seeks to recover the additional overtime wages and other damages owed to these workers.

## II. JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial amount of the events giving rise to this claim occurred in this District. Robertson worked for Avery in this District, specifically in Weld County, Colorado.

4. Additionally, Avery's corporate headquarters are located in this District at 12970 Cy

Rd 37, Sterling, Colorado 80751.

## III. THE PARTIES

5. Zachariah Robertson worked for Avery as an hourly-employee during the relevant statutory time period. His consent to be a party plaintiff has been attached hereto as Exhibit A.

6. The class of similarly situated employees ("Putative Class Members") consists of:

> **All hourly employees of Avery Technical Resources, Inc. who were paid a "per diem" within the past three years.** (the Putative Class Members).

7. **Avery Technical Resources, Inc.** is a domestic corporation with its principal place of business in Sterling, Colorado. Avery Technical Resources, Inc. may be served with process through its registered agent: Corporation Service Company, 1900 W. Littleton Blvd., Littleton, Colorado 80120.

## IV. FACTS

8. Avery is an oilfield service company operating that "provides quality inspection and project management services in today's energy industry."[1]

9. Robertson worked for Avery as an hourly employee during the relevant time period. On information and belief, Robertson's work hours were recorded by a time keeper.

10. In addition to his hourly rate, Robertson received a $140.00 per diem each day he worked.

11. Avery did not and does not consider the per diem when calculating the regular rate of pay for overtime purposes.

12. The per diem was intended to reimburse Robertson and all Putative Class Members for expenses normally incurred by an employee for his own benefit and convenience, such as lunch, rent, and other normal everyday expenses.

---

[1] www.averytechnicalresources.com/about-us/ (last visited August 16, 2019)

13. Because the per diem is not used to reimburse Robertson or the Putative Class Members for expenses incurred by an employee in the furtherance of the employer's interest or benefit, the per diem is actually a disguised wage.

14. The per diem should be included in the regular rate calculation for overtime purposes.

15. As such, Robertson and the entire Putative Class Members were not properly compensated at one-and-one-half times their regular rate—as defined by the FLSA, for all overtime worked in excess of forty hours in a single workweek.

## V. COVERAGE UNDER THE FLSA

16. At all times hereinafter mentioned, Avery has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. At all times hereinafter mentioned, Avery has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18. At all times hereinafter mentioned, Avery has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000.

19. At all times hereinafter mentioned, Robertson and all those similarly situated were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## VI. FLSA VIOLATIONS

20. During the relevant time period, Avery has violated, and is violating, Section 7 of the

FLSA by failing to include the per diem rate in the calculation of the regular rate of pay to determine the overtime rate. 29 U.S.C. § 207(e)(2) (As used in this section the "regular rate" at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee. . . .); *see also* 29 C.F.R. § 778.217(d) ("If the employer reimburses the employee for expenses normally incurred by the employee for his own benefit, he is, of course, increasing the employee's regular rate thereby. An employee normally incurs expenses in traveling to and from work, buying lunch, paying rent, and the like. If the employer reimburses him for these normal everyday expenses, the payment is not excluded from the regular rate as "reimbursement for expenses.""). As such, Avery has failed to properly pay Robertson and the Putative Class Members overtime wages at one-and-one-half times their regular rate for all hours worked in excess of forty hours per workweek.

21. None of the exemptions or exclusions provided by the FLSA allow Avery to ignore the amount of the per diem in calculating the regular rate of pay for overtime purposes when applicable.

22. Avery knowingly, willfully, and in reckless disregard carried out its illegal pattern or practice of excluding the per diem from the regular rate calculation for purposes of overtime. The decision by Avery not to properly pay overtime compensation to its hourly employees was neither reasonable, nor in good faith. Accordingly, Robertson and all those who are similarly situated are entitled to one-and-one-half their regular rate of pay—as defined within the FLSA - plus liquidated damages, attorney's fees, and costs.

## VII. COLLECTIVE ACTION ALLEGATIONS

23. Numerous employees have been victimized by this pattern, practice, and policy which are in willful violation of the FLSA.

24. Many of these employees have worked with Robertson and have reported that their hourly regular rate did not include the per diem for overtime purposes.

25. Robertson has actual knowledge that the Putative Class Members have been subject to the same or similar compensation scheme. Robertson worked with many individuals employed by Avery and has personal knowledge that they were also paid a "per diem" that was not considered part of the regular rate of pay for purposes of calculating overtime.

26. While Putative Class Members job titles may differ, they are all victims of Avery's unlawful compensation practices and are similarly situated to Robertson in terms of underlying job duties, pay provisions, and employment practices.

27. All Putative Class Members receive a per diem reimbursement for expenses normally incurred by an employee for his or her own benefit, which is not considered by Avery as part of the regular rate for purposes of calculating overtime.

28. The Putative Class Members regularly work or have worked in excess of forty hours during a workweek.

29. The per diem reimbursement does not fall within the few and narrow exclusions of the FLSA.

30. The Putative Class Members are similarly situated to Robertson in terms of underlying job duties, pay structure, and/or the denial of one-and-one-half their regular rate for all hours worked over forth in a week as required by the FLSA.

31. Avery's failure to include the per diem into the regular rate calculation for overtime purposes results from generally applicable policies or practices and does not depend on the personal circumstances of the Putative Class Members.

32. The job specific titles or precise job responsibilities of each Putative Class Member does not prevent collective treatment.

33. All Putative Class Members, irrespective of their particular job requirements, are entitled to overtime compensation at the minimum rate of one-and-one-half times their regular rate

of pay – as defined by the FLSA – for all hours worked in excess of forty hours in a single workweek.

34. Although the exact amount of damages may vary among Putative Class Members, the damages for the Putative Class Members can be easily calculated by a simple formula, because all hours worked by the Putative Class Members were recorded by a time keeper.

35. The claims of all Putative Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Avery that caused harm to all Putative Class Members.

36. In sum, Avery's failure to include the per diem into the Putative Class Members' regular rate of pay calculation for overtime purposes results from generally applicable, systematic policies and practices, which are not dependent on the personal circumstances of the Putative Class Members. Thus, Robertson's experiences are typical of the experiences of the Putative Class Members.

37. Notice should be issued to the Putative Class Members.

## VIII. Jury Demanded

38. Robertson hereby demands a trial by jury.

## IX. Relief Sought

39. WHEREFORE, Robertson prays for judgment against Avery as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding Avery liable for unpaid back wages due to Robertson and the Putative Class Members for liquidated damages equal in amount to the unpaid compensation found due to them;

b. For an Order awarding Robertson and the Putative Class Members the costs of this action;

c. For an Order awarding Robertson and the Putative Class Members their attorneys' fees;

d. For an Order awarding Robertson and the Putative Class Members unpaid benefits and compensation in connection with the FLSA violations;

e. For an Order awarding Robertson and the Putative Class Members pre-judgment and post-judgment interest at the highest rates allowed by law;

f. For an Order granting any such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Andrew W. Dunlap*
**Michael A. Josephson**
Fed. Id. 27157
State Bar No. 24014780
**Andrew W. Dunlap**
Fed Id. 1093163
State Bar No. 24078444
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Fed. Id. 21615
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**